(159 App. Div. 359.)

## SKINNER v. WATSON.

(Supreme Court, Appellate Division, Second Department. November 28, 1913.)

FRAUDS, STATUTE OF (§ 125*)—CONTRACT OF SALE—VALIDITY—REMEDY.

    Where plaintiff purchased personal property under an executory contract void under the statute of frauds, and after being put in possession the property was taken from him, his remedy was in replevin or for conversion, and not to recover damages for breach of contract.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 275–277½; Dec. Dig. § 125.*]

Appeal from Trial Term, Dutchess County.

Action by Arthur C. Skinner against E. Vail Watson. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, he appeals. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Schlosser & Donnelly, of Beacon, for appellant.

Alice M. Crosby, of Fishkill-on-Hudson (George Wood, of Poughkeepsie, on the brief), for respondent.

BURR, J. This action was brought for the specific performance of an alleged agreement to sell the stock in trade, appurtenances, and good will of an automobile garage business carried on by the defendant, or, in lieu thereof, for damages for breach of such contract. Without objection, the action seems to have been treated by the parties as an action for damages for breach of such contract, and was brought to trial before the court and a jury.

Among other defenses was that the alleged agreement was one for the sale and purchase of personal property of the value of $50 and more, and that neither the said contract nor any note or memorandum thereof was in writing, and that the same was void under the statute relating to the sale of personal property. Personal Property Law (Laws 1909, c. 45; Consol. Laws 1909, c. 41), art. 3, § 31, subd. 6. Upon the trial it appeared affirmatively by plaintiff's evidence that whatever agreement there was upon the subject was an oral one, and at the close of the plaintiff's case a motion to dismiss was made upon

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the grounds, among others, that there was no enforceable contract, which motion was renewed at the close of the entire case. The jury rendered a verdict for the plaintiff for a sum representing the value of the loss of the contract.

This verdict and the judgment entered thereon cannot be sustained. There was evidence offered on the part of the plaintiff of performance of the contract by putting him in possession of the property which was the subject-matter thereof. If we concede for the sake of the argument that such evidence was sufficient, plaintiff could not recover in this action. If such possession was interfered with, his remedy was not an action for damages for breach of a contract, but one either in replevin or conversion. Upon the pleadings plaintiff has recovered a judgment for breach of an executory contract, void under the statute of frauds, upon evidence that the contract had been fully performed.

The notice of appeal specifies that the appeal is taken, not only from the judgment, but also from an order denying a motion for a new trial. It does not appear from the record that any such motion was made, but the error referred to is sufficiently presented by the motions to dismiss the complaint upon the grounds specified.

The judgment appealed from should be reversed, and, as upon the present pleadings the action cannot be maintained, the complaint should be dismissed, with costs of this action and of the appeal. All concur.